SHEPHERD, J.,
concurring,
I concur that there was neither a founded suspicion nor probable cause of wrongdoing to justify the search and seizure involved in this case. The dissent forgets that when Mr. Thames originally was observed on March 3, 2007 at the corner of the building where the fence pole was located, he was not alone. The Officer’s testimony of their first encounter given at the suppression hearing is as follows:
Q. Can you tell the court how you first became familiar with Mr. Thames?
A. I came in contact with Mr. Thames on the 3rd of March. I received a call at *1099 Northwest 2nd Court and 17th Street, referencing] several males selling narcotics[,] at which time I observed Mr. Thames at the corner of the store with another man. I approached him to get his information. He was not arrested that day.
Because Mr. Thames was not the only person near the pole, it is pure speculation — by the police at the scene and the dissent here — to associate him personally with the contraband. The only evidence supporting the arrest is the second day’s unprovoked headlong flight in a high crime area. By itself, this is insufficient to justify an arrest, see Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), a search, see Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), or even a pat-down. See Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); see also Phillip A. Hubbart, Making Sense of Search and Seizure Law: A Fourth Amendment Handbook 259 (2005) (“[A] law enforcement officer, after making a valid temporary detention of a person based on reasonable suspicion, is allowed to conduct a patdown search of the outer clothing of the detainee for weapons, provided there is a showing of articulable suspicion that the detainee is armed and dangerous. The purpose of the limited patdown search is not to discover evidence of crime, but to allow the officer to pursue his or her investigation without fear of being violently assaulted.”) (footnote omitted).